Glenn Solomon #833287
1001 SW Fifth Avenue #1414
Portland, Oregon 97204
(503) 241-3508
glensol@aol.com

Attorney for Plaintiff


IN THE UNTITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAMONT KELLER, II and<br>PATRICIA KELLER,<br><br>              Plaintiffs,<br><br>v.<br><br>CAL-AM PROPERTIES, INC.<br>a foreign corporation,<br>              Defendant. | )<br>)<br>)<br>) No.<br>)<br>)_ COMPLAINT FOR WAGES<br>) DUE AND OWING<br>)<br>)<br>) JURY TRIAL REQUESTED<br>) |

Plaintiff alleges as follows:

1. This is an action for wages due and owing in which the plaintiffs, (the Kellers), allege that they were not paid overtime wages in violation of section 7of the Fair Labor Standards Act, 29 USC 201 *et seq,* (the FLSA) . The plaintiffs seek back pay, liquidated damages and attorney fees.

2. This court has jurisdiction pursuant to 29 USC 201 *et seq* and 28 USC 1331.

3. Venue is proper under 28 USC 1391(b)(ii) as the defendant (Cal-Am),

1. COMPLAINT

transacts business in this district, and the Kellers were employed in this district.

## Parties

4. The Kellers are adult citizens. They are a married couple who are employed by Cal-Am as Property Managers at Springbrook Estates on Wilsonville Road in Newberg, Oregon. The Kellers have worked for Cal-Am since June of 2007.

5. Cal-Am in a foreign corporation with its principal place of business in Costa Mesa California. It owns and manages parks for manufactured homes and trailers in across the United States. It operates several facilities in Oregon.

## Facts

6. As Property Managers the Kellers are required to live in the home provided by Cal-Am in Springbrook Estates. They are there for the benefit of Cal-Am to take care of the day to day operation of the property and to sell used homes. However, they are non-exempt under section 13(a)(1) of the FLSA. They have no supervisory or management responsibilities and no professional qualifications. Their work does not require a high level of skill or the exercise of independent judgment. Neither of them is paid a minimum of $455.00 per week.

7. The Kellers submit time sheets. Their pay records show that they frequently work in excess of forty hours per week, yet they are not paid for any work in excess of forty hours per week. Instead they each make a salary of approximately $17,000 per annum, or $326.00 per week ($8.17 per hour), plus benefits and commissions.

8. Cal-Am has asked the Kellers not to keep track of their work time.

2. COMPLAINT

9.  The Kellers are not, and have not been, since the inception of their employment, paid for all the time they have worked.  Cal-Am pays the Kellers an arbitrary amount without regard to the time actually expended on the job.

10.  The Kellers have frequently been required to work in excess forty hours per week.  Pay records for each two week pay period, for the three year period dating from the filing of this complaint going back to January 2010, show that the Kellers have worked approximately 836 hours of overtime with no compensation.

11.  The FLSA requires Cal-Am to pay its non-exempt employees at a rate of at least one and one half times their regular rate of pay for time worked in one work week over forty hours.

12.  Cal-Am willingly, deliberately and intentionally refused to pay the Kellers overtime.  Instead, Cal-Am wrongly misled the Kellers, and told them that they were not eligible for overtime.

Claim

(Unpaid Overtime, FLSA)

13.  The Kellers re-allege paragraphs 1 – 12.

14.  The Kellers together are owed $12,350 in unpaid overtime wages.

WHEREFORE, The Kellers pray for judgment against Cal-Am as follows:

1.  For $12,350 in unpaid overtime wages, plus interest;

2.  For $12,350 in liquidated damages, as allowed under 29 USC 216 for willful conduct;

3.  COMPLAINT

3. For reasonable attorney fees;

4. For the costs and disbursements of this action;

5. For whatever other relief the court deems necessary and proper.

Respectfully submitted by:

/s/Glenn Solomon
Glenn Solomon
Attorney for Plaintiffs

4. COMPLAINT